## A00A0863. AHEARN v. WESTREC MANAGEMENT, INC.
(536 SE2d 606)

MILLER, Judge.

Westrec Management sued Joe Ahearn for the costs incurred in removing a sinking boat moored at its dock. Ahearn counterclaimed for the loss of the boat. The trial court entered partial summary judgment in favor of Westrec and awarded $3,825. The court also awarded judgment to Westrec on Ahearn's counterclaim. Ahearn appeals contending that the court erred in granting partial summary judgment to Westrec.

Westrec moved to dismiss the appeal on jurisdictional grounds.[1] In our February 9, 2000 order denying Westrec's motion, we ordered Ahearn to submit a brief on the merits of the appeal, which he failed to do. Ahearn's brief submitted prior to the order has no citations to the record and has no argument on the merits beyond two sentences claiming that the question of gross negligence is a jury question under OCGA § 51-1-4. The remainder of Ahearn's brief focuses on the jurisdictional issue that was subsequently decided by this court in the denial of Westrec's motion to dismiss.

A complete statement of the applicable ruling from the sole authority cited by Ahearn is: "A jury question is presented only when reasonable [persons] could disagree as to whether the facts alleged constitute gross negligence."[2] The salient fact here is that Ahearn's sinking boat was obstructing the marina.

Because of the inadequacies in Ahearn's brief[3] and his failure to comply with the February 9 order,[4] we conclude the grant of partial summary judgment under OCGA § 9-11-56 (a) was not erroneous for any reason argued in Ahearn's brief and affirm.

*Judgment affirmed. Pope, P. J., and Smith, P. J., concur.*

DECIDED JUNE 29, 2000.

*James L. Kraemer*, for appellant.

---

[1] Westrec moved this court to dismiss the appeal on jurisdictional grounds because Ahearn filed an application for discretionary appeal instead of filing a direct appeal. But summary judgment and partial summary judgment are directly appealable and will be treated as if enumerated under OCGA § 5-6-34 (a) for purposes of OCGA § 5-6-35 (j), allowing this court jurisdiction to decide the case upon application for permission to appeal.

[2] (Citations omitted.) *Harris v. Nat. Evaluation System*, 719 FSupp. 1081, 1084 (N.D. Ga. 1989), aff'd, 900 F2d 266 (11th Cir. 1990).

[3] "Each enumerated error shall be supported in the brief by specific reference to the record or transcript." Court of Appeals Rule 27 (c) (3) (i).

[4] See Court of Appeals Rule 7.

*Manchel, Johnson & Wiggins, Norman G. Johnson, Scott M. Kaye*, for appellee.